Steel Nomination Petition.

Argued April 22, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*P. J. McArdle,* for appellant.

*William S. Bailey,* with him *G. Thomas Miller* and *Storey, Bailey & Rupp,* for appellee.

ORDER PER CURIAM: April 24, 1954, order affirmed at appellant's costs. Opinion to be filed later.

OPINION BY MR. JUSTICE JONES, May 24, 1954:

This appeal is from an order of the Court of Common Pleas of Dauphin County dismissing objections to a nomination petition for State senator in the 42nd Senatorial District on the Republican ballot to be used at the primary on May 18, 1954. Because of the need for a prompt decision, we entered a final order, after argument, affirming the court below and noting that an opinion would be filed later.

The objector originally alleged a number of defects in the nomination petition in controversy. But, as the case stood, after a hearing and findings by the learned court below, the basic question involved was whether the petition contained the requisite number of valid signatures of qualified electors of the district. That question, in turn, depended upon whether the separate sheets of the petition were "bound together . . . [so as] to constitute one petition" as required by Sec. 909 of the Pennsylvania Election Code of 1937 (Act of June 3, 1937, P. L. 1333, 25 PS §2869).

The material facts found by the learned court below disclose the following situation. About 10 o'clock A.M. on March 15, 1954, the last day for filing in the office of the Secretary of the Commonwealth nomination petitions of candidates seeking places on the ballot to be used at the succeeding primary, Laurence V. Gibb, acting for Walter R. Steel, the respondent and appellee, presented to the Secretary of the Commonwealth personally the petition of Steel as a candidate for the Republican nomination for senator from the

42nd Senatorial District. At that time the petition consisted of four separate folded sheets numbered consecutively and containing the names of 214 signers. As the petition contained more than the legally requisite number of signatures (200) for nomination to the office of State senator and was apparently regular on its face, the Secretary of the Commonwealth, upon payment of the filing fee, accepted it and marked it filed. Approximately two hours later, viz., at 12 o'clock noon, one John C. Hunter, also acting for Steel, appeared at the office of the Secretary of the Commonwealth, bringing with him a petition consisting of a folded sheet containing 118 additional signatures likewise petitioning Steel's inclusion on the primary ballot for the Republican nomination for senator. Hunter inquired of the Secretary whether Gibb had been there and, when told that he had been and had gone, Hunter gave the additional sheet of signers to the Secretary, saying, "Here is one he [Gibb] forgot." The Secretary, looking at the additional sheet proffered by Hunter, said "Walter R. Steel! I'll take that and attach it to the petition he [Gibb] filed." Later that afternoon Gibb, who had returned to Pittsburgh, called the Secretary of the Commonwealth by telephone and inquired whether Hunter had filed the additional sheet and, if so, whether it was a part of the petition. The Secretary replied,—"It is now a part of the petition." When James F. McCaffrey, the present appellant, who duly filed objections to the Steel nomination petition, went to the office of the Secretary of the Commonwealth on the succeeding day (March 16th) to examine the nomination petitions for senator on the Republican ticket in the 42nd Senatorial District, the Steel petition, which was handed to him, consisted only of the four sheets containing 214 signatures as originally filed. Being of the opinion that a sufficient

number of the 214 signatures were of persons not qualified to sign the petition and that their elimination would reduce the valid signatures to less than the minimum number (200) required by law, McCaffrey filed his objection to the petition, and a date for a hearing was set.

At the hearing on the objections, the Secretary of the Commonwealth produced in court, as constituting the Steel nominating petition on file in the Secretary's office, not only the four sheets containing 214 signatures but also, separately, the additional sheet containing 118 signatures. It was stated at bar on the argument of this appeal, without refutation, that there was a hole or perforation in an upper corner and at the precisely corresponding place on each of the five sheets suitable for the insertion of a rivet or other paper fastener.

In view of the findings of the learned hearing judge, based on substantial evidence which the court accredited, we would not be warranted in holding that the order entered below was in error. It is reasonably inferable from the evidence that Steel's petition, as ultimately on file in the office of the Secretary of the Commonwealth on the afternoon of the last day for filing (viz., March 15, 1954), consisted of the five sheets which, so far as the petitioner's responsibility in the premises is concerned, were bound together. As they indisputably contained more than the required minimum of signatures of qualified electors of the district, the petition was properly held to be valid.

We do not agree, however, with the suggestion in the opinion for the court below that in *Long v. Cochran*, 358 Pa. 129, 132, 56 A. 2d 105, we construed the provision in Section 909 of the Election Code, which requires that separate sheets of a nomination petition "shall be bound together when offered for filing if

they are intended to constitute one petition", as being directory or that we "recognized" it as being such. On the contrary, what we did in *Long v. Cochran* was to affirm, per curiam, a decree dissolving a preliminary injunction in a case whose subject-matter had become moot more than two months before the appeal came before us for disposition. Our affirmance on the opinion for the lower court went no further than to approve the holding that the twice-folded petitions for a referendum, which were contained and filed in one envelope, satisfied the requirement of the law as to their being "bound together". Whether the relevant provision of Section 909 was mandatory or directory was neither stated as a question involved nor argued by counsel in *Long v. Cochran*. On the other hand, in *American Labor Party Case*, 352 Pa. 576, 44 A. 2d 48, upon a directly contested issue, we held that the requirement in Section 977 of the Election Code with respect to serving a copy of objections to nomination petitions within the seven-day period allowed for the filing of objections in court was mandatory and not directory. Tested by the standards there applied (at p. 579), the "shall" in the cited provision of Section 909 is no less mandatory. To hold otherwise would be to thwart the evident intent and purpose of the provision and to introduce confusion, if nothing worse, in connection with the filing of nomination petitions.

The order heretofore entered is confirmed.