## Blair Township Liquor Referendum Case.

296

Argued April 28, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Gerald S. Turner,* for appellant.

*Harry Benton,* for appellee.

ORDER PER CURIAM, April 29, 1955:

The orders of the court below, involved in the above-noted appeals, are reversed with directions that the respective records be remanded forthwith and that the prescribed questions for referenda on the granting of retail beer and liquor licenses in Blair Township, Blair County, be placed by the commissioners of said county, acting in their capacity as the Board of Election, on the ballots to be used in said township at the Primary to be held on May 17, 1955; the costs on these appeals to be borne by the appellee.

Opinion will be filed later.

---

OPINION BY MR. JUSTICE JONES, May 23, 1955:

As in *Catherine Township Liquor Referendum Case,* at p. 291, supra, these appeals are also from orders of the Court of Common Pleas of Blair County setting aside petitions for referenda at the May Primary (1955) on the questions of granting beer and liquor licenses in Blair Township. While the reasons assigned by the court below for ordering the setting aside of the Blair Township petitions are more numerous than those advanced in the *Catherine Township* case, they are no more meritorious. Accordingly, following the oral argument of these appeals and because of the urgency noted in the opinion in the *Catherine Township* case, supra, we entered an order reversing the orders here appealed from with directions that the questions for the desired referenda be placed on the ballots to be used at the Primary in Blair Township; opinion to be filed later.

In this case the petitions for both beer and liquor referenda were circulated in five sets by five different persons, respectively, all qualified and registered electors of Blair Township. The five sets for the beer referendum contained a total of two hundred and sixteen signatures and the petitions for the liquor referendum contained one more for a total of two hundred and seventeen. Of all those signatures, only thirteen were specifically questioned by the objectors. The requisite number of signers was one hundred and twenty-nine, being twenty-five per cent of the highest vote cast for any office in the preceding general election in the Township (47 PS §4-472). In view of what we said in the *Catherine Township* case with respect to what qualifies as a valid residence address for an elector living in a township, it is unnecessary to detail the record facts in this case which plainly show that the objections, on the grounds of incorrect residence addresses for certain signers and for the circulators of the petitions, are unsubstantial.

The fastening together of the petitions by the clerk of the Commissioners, after he had examined each sheet and had approved them for filing, was in substantial compliance with Section 909 of the Election Code. Section 472 of the Liquor Code of 1951, P. L. 90, 47 PS §4-472, provides that Section 909 of the Election Code shall govern, in respect of beer and liquor referenda petitions, "insofar as such provisions are applicable." The fact that the clerk failed to hand back the petitions, after he had bound them together, for page numbering by the person filing them was not sufficient to invalidate them: compare *Steel Nomination Petition*, 377 Pa. 260, 105 A. 2d 139.

The petitions contained the requisite number of affidavits. Only one affidavit to a petition form is necessary; not an affidavit to each page of a sheet so

folded as to make four pages. Nor was one of the affidavits invalidated because the circulator signed her affidavit by use of her husband's name preceded by the title "Mrs.", instead of by her Christian name and her married surname, the way she was registered as an elector of the district. The affidavit was not false. It did not contain an averment that the affiant's signature thereto was the way her name appeared on the registration rolls; and her identity as the circulator of the petition and as a qualified and registered elector of the political subdivision was never questioned. And, even if the form of the signature was technically defective, it was amendable: see Section 977 of the Election Code of 1937, P. L. 1333, as amended, 25 PS §2937.

In any event, the objections to the petitions related to no more than innocent and immaterial irregularities, free of fraud, and therefore to be ignored and not permitted to prevent a full and free expression of the electorate's will with respect to the questions submitted: See *Onckin v. Ewing*, 336 Pa. 43, 47-48, 8 A. 2d 402.

The final order heretofore entered on the above appeals is confirmed.