## Garrett, Appellant, *v.* McHenry.

Argued April 25, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Robert C. Grasberger,* for appellant.

*David Berger,* City Solicitor, with him *Clyde W. McIntyre,* Assistant to the City Solicitor, and *Levy Anderson,* First Deputy City Solicitor, for County Board of Elections, appellees.

*Samuel D. Goodis,* with him *Folz, Bard, Kamsler, Goodis & Greenfield,* for intervening appellees.

OPINION BY MR. CHIEF JUSTICE JONES, May 2, 1961:
This proceeding was begun in the court below by the present appellant's petition for a rule on the Commis-

sioners of Philadelphia County, acting as the County Board of Elections, to show cause why they should not be restrained from issuing ballots for a referendum at the primary on Tuesday, May 16, 1961, to determine whether the electors of Philadelphia authorize the sale of liquor and malt or brewed beverages on Sunday in hotels during certain hours in accordance with the provisions of the Liquor Code of 1951, as amended.

In order that an inappropriate legal procedure be not impliedly condoned by our entertaining the present appeal, we wish first to point out that the petitioner should have filed a taxpayer's bill of complaint, formally drawn with all necessary relevant and material averments and duly served upon the defendant commissioners, in order properly to bring before the court below the matter which he sought to have adjudicated. However, we may proceed to a consideration of the merits of the petitioner's contentions since the city solicitor, recognizing that the petitioner should have proceeded by bill in equity rather than by mere petition to show cause, treated the petition as a complaint in equity and filed thereto preliminary objections in the nature of a demurrer, whereupon the matter was heard and disposed of by the court below. Thus, in effect, the action became an equity proceeding, was so treated below and will be so treated here.

Coming to the petitioner's complaint, Section 406(b) and (d) of the Liquor Code of April 12, 1951, P.L. 90, as last amended by the Act of February 21, 1961, P. L. 45, authorizes a referendum in any city of the first or second class (presently Philadelphia and Pittsburgh respectively) "on the question of determining the will of the electors with respect to the authorization of the sale of liquor and malt or brewed beverages during certain hours on Sunday in hotels" upon petition of at least 25,000 registered electors. Petitions for such a referendum, signed by over 100,000 registered electors

of Philadelphia, were filed with the county commissioners, as the County Board of Elections, on March 13, 1961, with certification by the Mayor and Council of Philadelphia that the petitions had been sufficiently signed as required by the Act.

The petitions, as signed by the subscribers with their names, addresses, occupations and dates, were in printed form as follows:

"COMMONWEALTH OF PENNSYLVANIA

"CITY OF PHILADELPHIA

"Petition for election on question of the sale of liquor and malt or brewed beverages between the hours of 1:00 o'clock postmeridian and 10:00 o'clock postmeridian on Sundays in hotels in Philadelphia, a city of the first class.

"To the County Board of Elections of Philadelphia County, Pennsylvania and the City Council of Philadelphia, Pa.

"We, the undersigned, all of whom severally declare that we are qualified registered electors of the City and County of Philadelphia, and have signed no other petition inconsistent herewith, do hereby petition the County Board of Elections of Philadelphia County and City Council of Philadelphia to certify this petition to the County Commissioners of Philadelphia to give notice of a proposed referendum in the City of Philadelphia by public advertisement in two newspapers of general circulation in that City, and to place the following question on the ballots and/or voting machines in the City of Philadelphia at the primary election immediately preceding the municipal election occurring in this year 1961 as provided in the Liquor Code, Act of April 12, 1951, P.L. 90, Art. IV, §406, as last amended February 21, 1961, Act No. 18:

"

| Do you favor the authorization of the sale of liquor and malt or brewed beverages on Sunday in hotels between the hours of one o'clock postmeridian and ten o'clock postmeridian? | YES | |
|---|---|---|
| | NO | |

[Here follow the lines for subscribers' signatures with their addresses, occupations and dates of signing]

"AFFIDAVIT OF QUALIFIED ELECTOR"

Following the filing and certification of the referendum petitions, the complainant petitioned the court below in an effort to have the petitions declared invalid on the ground that they were defective (1) in that they did not recite Section 406(f) of the Liquor Code of 1951, as amended, which subsection of Section 406 provides that "The provisions of this section shall be applicable only to those hotels whose sales of food and nonalcoholic beverages are equal to fifty-five per centum or more of the combined gross sales of both food and alcoholic beverages" and, (2) because, in certain of the referendum petitions, in the block following the word "YES" opposite the statement of the question to be submitted to the electorate, a cross or check mark, and in some instances the word "yes" written in pencil, appears and that less than 25,000 registered electors had signed petitions on which there was no marking or writing in the indicated block.

The appellant's contentions are devoid of any legal merit.

The question to be submitted to the electorate at the primary on May 16th, as printed in the petitions, conforms exactly to the form and substance prescribed by the Act; and so it rightly had to do. Any departure from the statutory prescription, either by way of addition or deletion, would have been a disobedience of

the legislative mandate. Plainly enough, there was neither occasion nor justification for any reference to subsection (f) of Section 406 of the Liquor Code of 1951, as amended, in connection with the question to be submitted to the electorate at the primary as shown on the petitions.

Actually, the statute does not require any particular form or content for such a petition. All that the Act requires in such regard is that the petition shall be for "a referendum on the question of determining the will of the electors with respect to the authorization of the sale of liquor and malt or brewed beverages during certain hours on Sunday in hotels . . . ." The form of petition used in this instance is unmistakably clear as to both the purpose and authorization. The purpose is stated in plain and understandable language and the authority for the referendum is correctly specified as "the Liquor Code, Act of April 12, 1951, P.L. 90, Art. IV, §406, as last amended February 21, 1961, Act No. 18." At the time the Liquor Code of 1951, as amended by the Act of January 7, 1960, P.L. (1959) 2106, was amended by the Act of February 21, 1961, Section 406 already contained eight subsections lettered from (a) to (h) which necessarily embraced subsection (f). Consequently that subsection was part of the reference to Section 406 in the body of the petition. There would be no more reason for reciting the provision of subsection (f) of Section 406 in the referendum petitions than there would be for specifying any other regulation enforceable by the Pennsylvania Liquor Control Board, whose duty it is, inter alia, under Section 207(b) of the Liquor Code of 1951, "To control the manufacture, possession, sale, consumption, importation, use, storage, transportation and delivery of liquor, alcohol and malt or brewed beverages in accordance with the provisions of this act . . . ."

Subsection (f) is a declaration of legislative policy to be carried out by the Pennsylvania Liquor Control Board in granting licenses to such hotels as qualify therefor under Section 406 of the Liquor Code. The appellant's contention that subsection (f) of Section 406 should have been shown on the petition for a referendum on the question statutorily ordained ignores the clear legislative declaration that the only question to be taken before the electorate is the Sunday sale of liquor in hotels between certain hours. The question statutorily prescribed itself does not contain reference to subsection (f) and it would be a transgression of the legislative intent to require a quotation of subsection (f) of Section 406 in the referendum petition. The court below well stated, "As to the contention that neither the petitions nor the proposed question contain reference to sub-paragraph (f) of the Act of Jan. 7, 1960, P.L. (1959) 2106, Section 1, 47 PS (Supp.) §4-406, (the aforementioned 55% clause), we note that the petition requests the Board to place a question on our voting machines *as provided in the Liquor Code, Act of April 12, 1951, P.L. 90, Art. IV, §406, as last amended February 21, 1961, Act No. 18.*' (emphasis ours). The emphasized portion above is a direct reference to that section of the Code, §4-406, which includes subparagraphs (a) to (h), thereby necessarily including subparagraph (f)."

The appellant's brief in this court contains a misstatement of fact, no doubt inadvertent, but which nevertheless creates an erroneous impression that the statute itself requires that subsection (f) of Section 406 be specifically shown on the petitions for referendum as a matter to be passed upon by the electorate at the primary. Thus, in his statement of the history of the case, the appellant, after quoting subsection (f) placed immediately opposite the paragraph the words Yes and No

in vertical position. Reference to the statute itself will at once disclose that the words "Yes" and "No" are not in subsection (f) at all, either in juxtaposition thereto or otherwise.

The contention concerning markings on the petitions in the block following the word "YES" in connection with the question to be submitted at the referendum was sufficiently answered by the court below as follows: "With regard to the markings found upon that portion of the petitions where appeared the sample referendum question, we find no merit to the objection predicated thereon. There is no evidence as to how or when these markings came to be placed upon the petition. They may have been added to them, after they had been signed, in an attempt to frustrate their legal effect. They may have been placed thereon, by certain of the persons who signed them, in the mistaken belief that the petitions required not only signatures but a pre-expression of opinion. In any case, where the controlling statute does not necessitate the inclusion of the question in the petition, the question and any marks thereafter are no material part of the petition. They are, at worst, surplusage, and do not demean the legal effect of the signatures upon the petitions, nor the import and intent of those citizens who are signatories thereto."

The referendum is designed to elicit the will of the electorate with respect to the question to be submitted at the primary, which will be unaffected by any superfluous markings on the referendum petitions. What we said in *Blair Township Liquor Referendum Case,* 382 Pa. 295, 299, 114 A. 2d 148, is apposite here. "In any event, the objections to the petitions related to no more than innocent and immaterial irregularities, free of fraud, and therefore to be ignored and not permitted to prevent a full and free expression of the electorate's

will with respect to the questions submitted: See Onckin v. Ewing, 336 Pa. 43, 47-48, 8 A. 2d 402."

Decree affirmed at appellant's costs.