Sessa *v.* Melnick, Appellant.

Argued November 19, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis R. Lord,* for appellants.

*Alexander A. DiSanti,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 17, 1966:

This is an appeal by defendants from a Decree of the Court of Common Pleas of Delaware County, sitting in Equity. This Decree (1) directed the satisfaction of a judgment by one of the defendants, and (2) set aside (a) a sheriff's sale of plaintiff's property, and (b) an attachment execution issued against certain garnishees.

Plaintiff filed a petition in Equity to open a judgment which had been entered against her on a judgment note which she signed as guarantor for another. Plaintiff averred that there was no consideration for the note, and that the note was obtained by fraud, and that defendant Melnick was not a holder in due course. Three defendants filed an answer denying plaintiff's averments.

On December 16, 1964, after a so-called trial on the petition and answer, the chancellor made no findings of fact or conclusions of law but merely signed a decree which he ordered to be filed. The record does not show that this decree was filed.

On January 5, 1965, the chancellor signed another decree which specifically referred to and amended the prior decree of December 16, 1964. The provisions of this decree are hereinabove set forth. On February 5, 1965, defendants appealed from what appears to have been the Court's amended decree. Thereafter, plaintiff filed a motion to quash the appeal.

Pa. R. C. P. 1517-1519 require a chancellor to file an adjudication whenever there is a disputed issue of fact.* The rules further provide that exceptions may be filed within 20 days thereafter, with a further provision for disposal of these exceptions by the Court en banc, after which a final decree must be entered either by the Court, or by the prothonotary upon praecipe. None of these proceedings were followed in this case. Moreover, *Pawlish v. Pawlish,* 373 Pa. 631, 96 A. 2d 740, is still the law, except as modified for cities of the first class. The appeal was premature and must be quashed.

Appeal quashed, costs on appellant.

---

* 2 Goodrich-Amram Civil Practice 90, §1517-1.