Cooney *v.* Pennsylvania Osteopathic Association, Appellant.

Argued March 20, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Thomas D. Caldwell,* with him *Walter A. Dart, Jr.,* and *Caldwell, Fox & Stoner,* for appellant.

*J. S. Jiuliante, Jr.,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 9, 1969:

In this action the plaintiff sought and gained a decree in the court below declaring him to be a valid honorary member of the Pennsylvania Osteopathic Association. For the reasons which follow, the decree must be vacated.

The action was instituted by the filing of a petition for a rule to show cause. This procedure was improper. A complaint in equity was the correct course to pursue: *Garrett v. McHenry,* 403 Pa. 451, 170 A. 2d 363 (1961), and 2 Pennsylvania Standard Practice, 473 et seq. Cf. also, *Hemphill v. Lenz,* 413 Pa. 9, 195 A. 2d 780 (1963).

But since the aggrieved party entered no objection to the form of the action, and since in its brief it indicates that it treated the action as one in equity, we, too, shall so consider it. However, another obvious defect then appears in the record.

The chancellor entered a final decree from which the present appeal was entered. A chancellor must first file an adjudication which includes a decree nisi

to which either party may file exceptions within twenty days, and if such are filed, these exceptions must then be reviewed by the court en banc before a final decree is entered. See Goodrich-Amram Procedural Rules, §§1517-1, 6 and §§1518 and 1519. An appeal does not lie from the decree of the chancellor, but rather from the final decree. *Sessa v. Melnick*, 420 Pa. 257, 216 A. 2d 56 (1966).

Since the chancellor failed to file a proper adjudication, and denied the parties the opportunity of filing exceptions thereto and a review thereof by the court en banc, the decree will be vacated and the record remanded with directions to proceed in accordance with the Rules of Civil Procedure.

It is so ordered. Costs to abide the result.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

In *Commonwealth v. Dauphin County*, 354 Pa. 556, 562, 47 A. 2d 807 (1946), Justice LINN, in commenting upon the institution of an action by a petition for a rule to show cause, said: ". . . we must call attention to the fact that there is no statutory authority to begin this suit by a petition for a rule to show cause. No suit was pending when the rule to show cause was allowed by the court; its jurisdiction had not attached to anyone; there was no proceeding to which the motion for the rule could be auxiliary. If any proposed respondent had disregarded the motion and rule, the court could not have proceeded as for default because the court had never obtained jurisdiction over the person by summons or similar process authorized to confer jurisdiction over the person. Short v. School District of Upper Moreland Township, 108 Pa. Superior Ct. 503, 505, 165 A. 669, was a suit begun by petition for a rule to show cause why federal employes should not be exempt from certain taxes. JUDGE PARKER said:

'The rule should not have been granted, and it was properly discharged.' In other words, a rule is not properly original process in any case, but is auxiliary, and for the facilitating of jurisdiction already acquired: Mitchell, Motions and Rules, p. 3. . . ."

The majority recognizes that the institution of this proceeding by petition and rule is improper but proceeds to an adjudication because the parties treated this action as one in equity. I would not permit the parties to create their own jurisdiction and would vacate the order of the lower court and dismiss the petition, and require the institution of a proper action.

I dissent.

Mr. Chief Justice BELL joins in this dissenting opinion.