In Re: Mrs. Kenneth A. Evans, Voter Registration Appeal.

Voter Registration Commission of Lehigh County, Appellant.

Submitted on briefs March 2, 1981 to Judges WIL-
KINSON, JR., BLATT and WILLIAMS, JR., sitting as a
panel of three.

*John M. Ashcraft, III,* Assistant County Solicitor,
with him *John E. Roberts,* Lehigh County Solicitor,
for appellant.

*Charles W. Stopp,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 19, 1981:

The Court of Common Pleas of Lehigh County has
entered an order directing the Voter Registration
Commission of Lehigh County to accept the official
registration application of appellee in the name of
"Mrs. Kenneth A. Evans."

Appellee, who was named "Betty Jane Newell" at
birth, was married to Kenneth A. Evans from 1938
until his death in 1969. The record reflects that prior
to 1976, appellee was registered to vote in Lehigh
County as "Betty Jane Evans." Since the year 1976,
however, she has attempted to register to vote in that
county under the name "Mrs. Kenneth A. Evans."

In October of 1979, appellee requested a hearing
before the Voter Registration Commission to appeal
the rejection of her registration application by the
Chief Clerk of the Commission. A hearing was held

before the Honorable MAXWELL E. DAVISON of the Court of Common Pleas of Lehigh County. Appellee's application was held to be in compliance with the information requirements of Section 18(c)(2) of the Pennsylvania Registration Act,[1] so long as appellee submits with that application any names by which she was formerly known. We reverse.

The section in question specifically states that voters must use their "Christian name or names"[2] when registering to vote. The name "Mrs. Kenneth A." cannot be deemed to constitute appellee's Christian name, neither as the term is commonly used, nor within the meaning of the statute. The name "Mrs. Kenneth A. Evans" is merely appellee's husband's name preceded by the title "Mrs."

The Supreme Court of Pennsylvania recognized this difference in *Blair Township Liquor Referendum Case,* 382 Pa. 295, 114 A.2d 148 (1955):

> Nor was one of the affidavits invalidated because the circulator signed her affidavit by use of her husband's name preceded by the title 'Mrs.', instead of by her Christian name and her married surname, the way she was registered as an elector of the district.

382 Pa. at 299, 114 A.2d at 149.

The lower court held that because appellee has consistently utilized and has "assumed"[3] the name "Mrs.

---

[1] Act of April 29, 1937, P.L. 487, *as amended,* 25 P.S. §951-18 (c)(2).

[2] The term "Christian name" is not defined in the statute, but is defined in Black's Law Dictionary, 5th Ed. as follows: "The baptismal name as distinct from the surname. The name which is given one after his birth or at baptism, or is afterward assumed by him in addition to his family name. Such name may consist of a single letter."

[3] Apparently the lower court has drawn its conclusion, at least in part, with reference to the Black's Law Dictionary definition of "Christian name."

Kenneth A. Evans," the name "Mrs. Kenneth A." can be deemed to "constitute her first name" for voter registration purposes. We cannot agree.

The fact that appellee has used that name for other purposes is no indication that she is entitled to vote under that name in clear contravention of the statutory requirement. Clearly, the purpose of the requirement that voters register by using their surname and Christian name is to establish identity with the minimum amount of confusion and dispute, as well as to expedite the voting process with a minimum amount of fraud and error. Appellee cannot be allowed to circumvent that purpose for the sake of her own convenience.

### ORDER

AND Now, the 19th day of March, 1981, the order of the Court of Common Pleas of Lehigh County, Pennsylvania, at No. 79-C-3465, dated April 1, 1980 is reversed.