549 A.2d 620

In Re: Petition for Election of Two Additional Supervisors in Birmingham Township. Patricia B. Koedding, Appellant.

*Mary M. Rogers,* with her, *Edward J. Carney, Jr., Petrikin, Wellman, Damico, Carney & Brown,* for appellant.

*Francis P. Connors,* for appellee, Delaware County Board of Elections.

*Thomas Livingston,* with him, *Arthur Thomas Donato, Jr., Malady & Donato,* for appellees, Reiter and Cialini.

OPINION BY SENIOR JUDGE NARICK, October 27, 1988:

Patricia Koedding (Appellant) appeals from a decision of the Court of Common Pleas of Delaware County which refused to set aside a petition to place a question on the November 1988 ballot which was presented by certain requestors[1] to the Delaware County Election Bureau (Bureau). The question which the requestors seek to place on the ballot is whether two additional township supervisors should be elected to serve in Birmingham Township.[2]

---

[1] The requestors are Bernard Cialini, Fred Reiter, Edwin S. Hineman, Jr., and Robert Samuelian.

[2] *See* Section 402 of the Second Class Township Code (Township Code), Act of May 1, 1933, P.L. 103, amended July 13, 1961, P.L. 596, *as amended,* 53 P.S. §65402, which relevantly provides that:

Upon petition of at least five per centum of the registered electors of the township or pursuant to a resolution of the

The following relevant facts have been stipulated to by the parties:[3]

(1)    The petition filed with the Bureau contained eight pages, not numbered, not stapled or otherwise affixed together, but in one folder.

(2)    The minimum number of valid signatures required on the subject petition filed with the Bureau necessary to meet the requirements of Section 402 of the Township Code is 70.

(3)    Not including any signature on the petition filed with the Bureau which has been objected to by Petitioners [Appellant] herein, the petition contains 70 signatures.

(4)    Of the 70 remaining signatures, the occupation of the signer is listed in 47 instances.

Appellant argues that the nomination petition should be set aside because: (1) the requestors failed to bind and paginate their petition as required by Section 909 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2869; and (2) twenty-three signers to the petition failed to list their occupation. Appellant further argues that even if the aforementioned defects are amendable, Appellees have waived their right to amend. Appellees counter that (1) the Code is not applicable to petitions seeking to place a question on a ballot and (2) even if the Code is applicable, the aforementioned defects do not require the setting aside of the petition.

---

board of supervisors, and upon an approval by a majority of those electors voting at the next municipal or general election, there shall be elected two additional supervisors . . . The county board of elections shall place the question before the electors in the same manner as other questions are presented under the provisions of the Pennsylvania Election Code . . .

[3] The Appellees herein consist of the requestors and the Delaware County Board of Elections.

First, we will address the question raised by Appellees as to whether the Code is applicable to petitions seeking to place a question on a ballot. This question was addressed by our Supreme Court in *Harrisburg Sunday Movie Petition Case*, 352 Pa. 635, 44 A.2d 46 (1945) whereby the high court held that the Code does apply to nomination petitions seeking to place a question on the ballot. In that we have concluded that the Code is applicable herein, we will note that our Supreme Court has long espoused a liberal construction of the Code. *See Ross Nomination Petition*, 411 Pa. 45, 190 A.2d 719 (1963).

Now, we will address whether the failure of the requestors to number, staple or otherwise affix the pages of the petition together is a defect which would require the petition to be set aside. The evidence revealed that the pages of the petition, although they were not numbered, stapled or otherwise affixed, were contained in a single folder. We believe that because the papers were contained in a single folder they were "bound together" as required by Section 909 of the Code.[4] In *Long v. Cochran*, 358 Pa. 129, 56 A.2d 105 (1948), it was held that two twice-folded petitions, each petition consisting of five unnumbered pages, which sought to place two separate questions on a ballot and which were contained in a single envelope satisfied the law as to their being "bound together". The Supreme Court opined that to invalidate the petition on a strained construction

---

[4] Section 909 of the Code relevantly provides:
Said nomination petition may be on one or more sheets, and different sheets must be used for signers resident in different counties. If more than one sheet is used, they shall be bound together when offered for filing if they are intended to constitute one petition, and each sheet shall be numbered consecutively beginning with number one at the foot of each page ....

of the word "bound" would be defeating the clear intent of the Legislature.[5]

Next, we will address whether a failure by a signer to a nominating petition to list his occupation is sufficient to invalidate a signature. We believe that a failure to list an occupation is an amendable defect.

Thus, we will turn to Appellant's final argument that Appellees have waived the right to amend their petition.[6] Appellees in their supplemental memorandum of law filed after hearing before the trial court but *before* the trial court rendered its decision requested an opportunity to amend the defects in the petition with respect to the twenty-three signatures which failed to list occupation and also as to the binding and pagination requirements. Therefore, their request was timely, and because we have concluded that the failure to list an occupation is an amendable defect, we will remand this matter to the Court of Common Pleas of Delaware

---

[5] *See Steel Nomination Petition*, 377 Pa. 260, 105 A.2d 139 (1954) wherein it was held that a fifth unattached page to a petition should be included as part of a nomination petition where four pages had been filed in the appropriate office two hours earlier that same day. *Also see Appeal of Freeman*, 115 Pa. Commonwealth Ct. 300, 540 A.2d 606 (1988) where the court opined that where two pages of a nomination petition are handed simultaneously to a clerk, they are obviously part of the same petition even though the pages are not numbered nor are they "bound together" with some type of fastener; and that such a defect is an amendable defect. We note that unlike *Freeman* the pages here were contained in a single folder and, therefore, satisfied the law as to being bound together.

[6] Section 977 of the Code pertinently provides:
If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify.

County for that Court to entertain and act upon Appellees' request for amendment.

## ORDER

AND NOW, this 27th day of October, 1988, this matter is hereby remanded to the Court of Common Pleas of Delaware County for further proceedings consistent with this opinion. Said proceedings shall be completed within five days of the date of this order. The Chief Clerk shall remand the record forthwith.

Jurisdiction relinquished.