369 A.2d 758.
**KEYSTONE WIRE AND IRON WORKS, INC.**
**v.**
**VAN COR, INC., Appellant.**

Superior Court of Pennsylvania.

Argued June 21, 1976.

Decided Nov. 22, 1976.

538

Jerome Poltenstein, Philadelphia, for appellant.

C. Penners, Philadelphia, with him Joseph Lurie, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that appellee's petition to compel arbitration should have been dismissed because it was not served in compliance with the Rules of Civil Procedure.

On October 15, 1975, appellee filed a petition to compel the appointment of an arbitrator pursuant to the Uni-

form Arbitration Act.[1] The petition alleged the existence of three separate construction contracts, dated respectively December 31, 1968, June 13, 1968, and January 29, 1971. All three contained paragraphs which required arbitration of all disputes between the parties subject to the provisions of the Uniform Arbitration Act. Appellee's petition alleged that it had notified counsel for appellant of its appointment of an arbitrator, but that appellant had refused to fulfill its contractual obligation to name one. Appellee asked the court below to name an arbitrator so that the case could proceed.[2] Appellee mailed a copy of the petition to compel arbitration to an attorney for the appellant, but did not attempt service as required by the Rules of Civil Procedure.[3] Appellant filed objections to appellee's petition alleging that service was improper. The court below denied appellant's objection to the petition, and this appeal followed.

This case presents a question of first impression: whether a petition to appoint an arbitrator must be served in conformity with the Rules of Civil Procedure. Appellee contends that the petition to appoint an arbitrator is authorized by § 4 of the Uniform Arbitration Act and does not require any special form of service: "If in the agreement provision be made for a method of naming or appointing arbitrators or an umpire, such method shall be followed, but . . . if a method be provided and any party thereto shall fail to avail himself of such method, . . . the court shall designate and appoint arbitrators, or an umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named

1. Act of 1927, April 25, P.L. 381, No. 248, § 1 et seq.; 5 P.S. § 161 et seq.

2. Appellee's petition was framed in three counts, one each for the three contracts. Each count was substantially the same and requested identical relief.

3. Rule 1009, Pa.R.C.P., and Rules cross-referenced therein.

therein, . . .." No mention is made of the procedure which a party seeking to secure the appointment of an arbitrator must follow.

The appellant, on the other hand, argues that the petition to name an arbitrator is governed by § 3 of the Act: "The party aggrieved by the alleged failure, neglect, or refusal of another to perform under a written agreement for arbitration, may petition the court of common pleas of the county having jurisdiction for an order to show cause why such arbitration should not proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. *Service thereof shall be made in the manner provided by law for the service of a summons.* The court shall hear and determine the matter upon the petition and answer and depositions, or after hearing of the parties in open court, as the court may determine; and the court upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not at issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement, or the failure, neglect, or refusal to perform the same, be at issue, the court shall proceed to the trial thereof. . . ." (Emphasis supplied).

In effect, appellee's argument is that because § 4 of the Act makes no provision for service of the petition to compel arbitration, it was free to adopt any method of service. This argument is wrong. Section 4 is remedial, not procedural. The effect of a party's refusal to proceed with arbitration at one time depended upon the stage of the proceedings when the refusal occurred. If the dispute had been submitted to arbitration but no arbitrators chosen, there was, until the adoption of the Act of 1927, no remedy to compel the choice of arbitrators. 11 Standard Pennsylvania Practice 510 (1964). Thus, the inclu-

sion by our legislature of the remedial provisions of § 4, which allow a court to appoint arbitrators if either party defaults, was a necessary grant of power where none existed before.

The failure of the legislature to specify a method by which an allegedly defaulting party is to be notified of the pendency of a petition for appointment of arbitrators should not be construed to authorize either an *ex parte* proceeding or one conducted by informal notice. The right to name an arbitrator is a valuable one, and we should not permit it to be forfeited without proper notice and an opportunity to defend. Cf. 6 C.J.S. *Arbitration* § 46; *Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba,* 243 F.2d 342 (2d Cir. 1957). Furthermore, our Supreme Court has repeatedly held that the rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of a party is dependent upon proper service being made. *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.,* 422 Pa. 124, 221 A.2d 185 (1966); *Neff v. Tribune Printing Co.,* 421 Pa. 122, 218 A.2d 756 (1966). Thus, not only is service of process in accordance with the Rules of Civil Procedure necessary to give a party notice of the pendency of an action, it is essential to the jurisdiction of the court over the person.[4]

4. Rule 233, Pa.R.C.P., provides in part:
"All legal papers, except writs and pleadings, to be served upon a party under any Rule of Civil Procedure including but not limited to motions, *petitions,* answers thereto, *rules,* orders, notices, interrogatories and answers thereto, shall be served by leaving a copy for or mailing a copy to him at the address of the party or his attorney of record endorsed on an appearance or prior pleading of the party, but if there is no such endorsement then
"(1) within the county in which the action is pending by leaving a copy for or mailing a copy to him at the residence or place of business of the party;
"(2) outside the county in which the action is pending, whether or not within the Commonwealth, by
"(a) having a competent adult hand a copy to the person to be served; or

In the instant case, the appellee failed to serve the appellant in accordance with the Rules of Civil Procedure. We hold, therefore, that the lower court should have dismissed the petition for appointment of arbitrators.

Order of the lower court is reversed and petition dismissed.

JACOBS, J., did not participate in the consideration or decision of this case.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

The majority concludes that when an application for appointment of arbitrators has been made under § 4 of the Pennsylvania Arbitration Act of 1927, April 25, P.L. 381, No. 248, 5 P.S. § 164,[1] there must be service in ac-

"(b) leaving a copy at or mailing a copy by registered mail to the last known address of the party to be served; or

"(c) if no address is known, publication in such manner as the court by general rule or special order shall direct." (Emphasis supplied).

Rule 233, Pa.R.C.P., clearly contemplates that service of petitions and rules may be accomplished without sheriff's service only *after the action has been commenced* pursuant to Rule 1007, Pa.R.C.P. Ordinarily, the jurisdiction of the court may not be invoked by petition and rule to show cause. *Cooney v. Pennsylvania Osteopathic Association*, 434 Pa. 358, 253 A.2d 256 (1969); *Commonwealth v. Dauphin County*, 354 Pa. 556, 47 A.2d 807 (1946); Section 3 of the Uniform Arbitration Act, however, expressly authorizes a party to petition for a rule to show cause why the arbitration should not proceed in the manner provided for in such agreement. It also provides that such an application shall be made in the manner provided by law for service of a summons. *Service of a writ of summons is expressly provided for in* Rule 1009, Pa.R.C.P., and Rules cross-referenced therein. Thus, in effect, a petition to compel arbitration is a bill to compel specific performance of an arbitration agreement. *Nippon Ki-Ito Kaisha, Ltd. v. Ewing-Thomas Corp.*, 313 Pa. 442, 170 A. 286 (1934).

1. Section 4 provides in part: "If in the agreement provision be made for a method of naming or appointing arbitrators . . . or if a method be provided and any party thereto shall fail to avail himself of such method . . . upon the application of either party to the controversy, the court shall designate and appoint arbitrators."

cordance with the Rules of Civil Procedure. However, the majority does not state which rule should apply. As I understand the majority opinion, the implication is that the same rule applies as when a petition is filed under § 3 of the Act, *supra*, 5 P.S. § 163, for an order to show cause why arbitration should not proceed in the manner provided for in the arbitration agreement;[2] in other words, that notice of a petition under § 3 and an application under § 4 must both be served in conformity with the Rules of Civil Procedure for the service of a summons. I disagree. I nevertheless conclude, for other reasons, that appellee's procedure was defective, and I therefore concur in the order reversing the order of the lower court and dismissing the application for appointment of arbitrators.

## I

In order to answer the question of which rule should apply where an application for appointment of arbitrators has been made under § 4 of the Act,[3] it is necessary to consider, step by step, the procedure required when one party alleges that the other has failed to "perform under a written agreement for arbitration."

**2.** Section 3 provides in part: "The party aggrieved by the alleged failure, neglect, or refusal of another to perform under a written agreement for arbitration, may petition the court of common pleas . . . for an order to show cause why such arbitration should not proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by law for the service of a summons. . . ."

**3.** I agree with the majority that the fact that § 4 does not specify a method of service does not mean that an *ex parte* proceeding is authorized. I also agree that "service of process in accordance with the Rules of Civil Procedure . . . is essential to the jurisdiction of the court over the person." Majority opinion at p. 541. Therefore the Rules of Civil Procedure do apply to this proceeding.

## A

Under § 3 of the Act the party aggrieved should petition the court for "an order to show cause why such arbitration should not proceed in the manner provided." The petition should aver that an agreement to arbitrate exists, and that the respondent has failed to comply with it. Notice of the petition must then be served upon the respondent "in the manner provided by law for the service of a summons." Pa.R.C.P. 1009. Service under this rule is usually made by the sheriff.[4]

## B

After service has been made, the court, on petition and answer, perhaps supplemented by depositions, or after hearing, must decide whether to issue an order directing the parties to proceed to arbitration. A variety of situations may develop. For example, the respondent may prove that he is not a party covered by the arbitration agreement,[5] or that there is a condition precedent that has not occurred,[6] or that the issue is not covered by the agreement.[7] In any of such cases, the court will dismiss the petition. If, however, the court is satisfied that the respondent is in default, it will issue an order directing the parties to proceed to arbitration.

4. Pa.R.C.P. 1009 contains several cross-references to other rules, according to the type of defendant. In the instant case the defendant is a corporation and would be served under Rule 2180.

5. *Goldstein v. International Ladies' Garment Workers' Union*, 328 Pa. 385, 196 A. 43 (1938).

6. *Dickens v. Pennsylvania Turnpike Commission*, 351 Pa. 252, 40 A.2d 421 (1945).

7. *J. S. Cornell & Son, Inc. v. Rosenwald*, 339 Pa. 18, 13 A.2d 716 (1940).

## C

Usually, no doubt, the parties will proceed to arbitration. If, however, one party refuses to comply, further proceedings will be required:

The effect of a refusal to proceed depends upon the stage of the proceedings when the refusal supervenes. If the dispute has been submitted but no arbitrators chosen there was, until 1927 . . . no remedy to compel the choice of arbitrators. If the arbitrators have been chosen and a time set for hearing when one of the parties declines to proceed [the arbitrators have authority to dispose of the case] . . ."

11 Standard Pennsylvania Practice 510.

If the failure to comply with the court's order is due to one party's refusal to pick arbitrators, the other party may make an application under § 4 of the Act, asking the court to "designate and appoint arbitrators." The party making this application need not be the "aggrieved party" who initially petitioned the court under § 3 of the Act.[8]

Section 4 does not specify how an application for the appointment of arbitrators is to be served. This does not, however, represent a failure or oversight on the part of the legislature. No specification is needed. Since the matter is already before the court, by virtue of the petition filed and served under § 3 of the Act, the usual procedure applies, when the application, or motion or petition, is other than one used to initiate an action. This procedure is specified in Pa.R.C.P. 233, which provides in part:

All legal papers, except writs and pleadings, to be served upon a party under any Rule of Civil Procedure including but not limited to motions, petitions, answers

8. *Silk Service Corp. v. Neward Silk Co.*, 26 Luz.Leg.Reg.Rep. 339 (1931).

thereto, rules, orders, notices, interrogatories and answers thereto, shall be served by leaving a copy for or mailing a copy to him at the address of the party or his attorney of record endorsed on an appearance or prior pleading of the party, but if there is no such endorsement then

(1) within the county in which the action is pending by leaving a copy for or mailing a copy to him at the residence or place of business of the party;

(2) outside the county in which the action is pending, whether or not within the Commonwealth, by

(a) having a competent adult hand a copy to the person to be served; or

(b) leaving a copy at or mailing a copy by registered mail to the last known address of the party to be served: or

(c) if no address is known, publication in such manner as the court by general rule or special order shall direct.

Once arbitrators have been appointed by the court, the disposition of the matters in dispute is the province of the arbitrators.

## II

When the foregoing is applied to the present case, the appropriate disposition is apparent. Examination of the record shows that appellee never filed a petition under § 3 of the Act. Therefore appellee's application under § 4 was not properly before the court, and it should have been dismissed.