469 A.2d 236

John J. CASSIDY

v.

**KEYSTONE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1983.

Filed Dec. 9, 1983.

Dean B. Stewart, Jr., Norristown, for appellant.

Bernard V. Digiacomo, Norristown, for appellee.

Before CERCONE, President Judge, and CAVANAUGH, and WIEAND, JJ.

CERCONE, President Judge:

Appellant, Keystone Insurance Company, takes this appeal from the lower court's denial of appellant's petition to strike the award of arbitrators, and the granting of appellee's petition to confirm said award and from the judgment entered thereon. Appellant argues, *inter alia*, that the court erred in granting appellee's earlier petition to appoint an arbitrator where that petition was not properly served upon appellant. We find appellant's argument to have merit and we hereby vacate judgment and reverse the order or the lower court confirming the award of arbitrators.

On or around July 7, 1980, appellee, John Cassidy, was injured in an automobile accident in Dade County, Florida. The operator of the other vehicle involved in the accident fled the scene and is unknown. At the time of the accident, appellee was insured by appellant—company. In due course, appellee retained counsel, and on March 18, 1981, counsel wrote a letter to appellant—company, which, in relevant part, said:

Since more than eight months have already elapsed from the time of the accident, and since I am advised that you are in receipt of medical specials to date all in excess of $10,000.00, and since your policy coverage is in the sum of $15,000.00, I would think that a cursory review or your file should conclude in your offering us the $15,-000.00 without the necessity of going into arbitration. In that regard, I am advising that we would withhold from proceeding in arbitration but only for a period of two weeks; in the event that you do not make the full offer of $15,000.00 in that time, I am herewith advising that I have selected as our arbitrator in this matter, David S. Katz, Esquire, 275 Commerce Drive, Fort Washington,

Pa., and I am further advising that you are to, in the event of non-amicable settlement, supply me and/or Mr. Katz of your selection of an arbitrator by no later than April 3, 1981.

If the matter has not concluded and you have not selected an arbitrator as above set forth, I am herewith advising that I will promptly file the Petition for the Appointment of an Arbitrator in the Court of Common Pleas of Montgomery County, Pennsylvania, a sample copy of which is enclosed for your file.

Appellant did not respond to this letter, whereupon, on May 22, 1981, appellee filed a petition for appointment of arbitrator. A copy of this petition was not served upon appellant in advance of the hearing on the matter. Nevertheless, the court granted appellee's petition and appointed an arbitrator in appellant's stead. Appellee, on that same day, sent appellant a certified letter advising appellant of the appointment and enclosing a copy of the petition and order.[1] Again, appellant did not respond. Thereafter, on June 3, 1981, one of the arbitrators sent a letter to both parties advising them of the date and time scheduled for the arbitration, the date being June 17, 1981. The next day, June 4, 1981, appellee sent appellant a letter in which appellee reiterated the date of the arbitration and listed the various medical bills which appellee intended to present. The morning of the arbitration hearing, counsel for appellant appeared and requested a continuance. This request was denied and the hearing proceeded, however counsel for appellant declined to participate. The arbitrators award was in favor of appellee. The next day, appellant filed a petition to strike the award of the arbitrators and to strike

[1]. Appellant took an appeal from the order of the Court of Common Pleas granting appellee's petition to appoint an arbitrator. We found that appeal to be from an interlocutory order and accordingly the appeal was quashed. *Cassidy v. Keystone Insurance Co.,* 297 Pa.Superior Ct. 421, 443 A.2d 1193 (1982). We also ruled that because the insurance policy in question made no mention of the Arbitration Act of 1927, the arbitrator in the instant case was at common law. *Id.,* 297 Pa.Superior Ct. at 422 n. 1, 443 A.2d at 1193 n. 1. In view of this prior ruling of ours, we need not address anew appellant's present contention that the instant case is one of a common law arbitration.

the order of the court of May 22, 1981, in which the court appointed an arbitrator on appellee's petition. Appellant argued, then, as now, that the filing of the petition to appoint an arbitrator was procedurally defective because the petition was not properly served on appellant. We agree.

A procedurally similar issue was decided by this Court in *Keystone Wire & Iron Works, Inc. v. Van Cor, Inc.*, 245 Pa.Superior Ct. 537, 369 A.2d 758 (1976). In *Keystone Wire,* we were asked to interpret an earlier version of the Uniform Arbitration Act.[2] Specifically, our attention was focused on sections 3 and 4 of the Act. Section 3 at that time provided:

> The party aggrieved by the alleged failure, neglect, or refusal of another to perform under a written agreement for arbitration, may petition the Court of Common Pleas of the county having jurisdiction for an order to show cause why such arbitration should not proceed in the manner provided for in such agreement. *Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by law for the service of a summons.* The court shall hear and determine the matter upon the petition and answer and depositions, or after hearing of the parties in open court, as the court may determine; and the court upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not at issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement, or the failure, neglect, or refusal to perform the same, be at issue, the court shall proceed to the trial thereof.... (Emphasis supplied).

Section 4 of the same Act read:

> If in the agreement provision be made for a method of naming or appointing arbitrators or an umpire, such

2. Act of 1927, April 25, P.L. 381, No. 248, § 1 et seq.; 5 P.S. § 161 *et seq.*

method shall be followed, but ... if a method be provided and any party thereto shall fail to avail himself of such method, ... the court shall designate and appoint arbitrators, or an umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein, ...."

The facts in *Keystone Wire* were to very much like those in the case now before us. In *Keystone Wire*, the plaintiff filed a petition with the court alleging that it had notified counsel for the defendant of the former's appointment of an arbitrator but that defendant had refused to fulfill its contraction obligation to name an arbitrator and plaintiff asked the court to name one in defendant's stead. Plaintiff mailed a copy of the petition to defendant, and defendant argued to the court that such service was improper. The lower court denied defendant's objection. On appeal, plaintiff argued that because section 4 of the Act made no provision for service, plaintiff was free to adopt any method of service. We rejected the plaintiff's argument with these words:

The failure of the legislature to specify a method by which an allegedly defaulting party is to be notified of the pendency of a petition for appointment of arbitrators should not be construed to authorize either an *ex parte* proceeding or one conducted by informal notice. The right to name an arbitrator is a valuable one, and we should not permit it to be forfeited without proper notice and an opportunity to defend. Furthermore, our Supreme Court has repeatedly held that the rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of a party is dependent upon proper service being made. *Thus, not only is service of process in accordance with the Rules of Civil Procedure necessary to give a party notice of the pendency of an action, it is essential to the jurisdiction of the court over the person. Id.*, 245 Pa.Superior Ct. at

541, 369 A.2d at 759–760. (citation omitted) (footnotes omitted) (emphasis added.)

In a footnote in the *Keystone* case, we elaborated on the question of the type of service required in the rules of civil procedure. We quoted at length from Pa.R.C.P. 233, which, in relevant part, provided, then, as now,

"All legal papers, except writs and pleadings, to be served upon a party under any Rule of Civil Procedure including but not limited to motions, petitions, answers thereto, rules, orders, notices, interrogatories and answers thereto, shall be served by leaving a copy for or mailing a copy to him at the address of the party or his attorney of record endorsed on an appearance or prior pleading of the party, but if there is no such endorsement then

"(1) within the county in which the action is pending by leaving a copy for or mailing a copy to him at the residence or place of business of the party;

"(2) outside the county in which the action is pending, whether or not within the Commonwealth, by,

"(a) having a competent adult hand a copy to the person to be served; or

"(b) leaving a copy at or mailing a copy by registered mail to the last known address of the party to be served; or

"(c) if no address is known, publication in such manner as the court by general rule or special order direct."

Regarding Rule 233, we wrote:

*Rule 233, Pa.R.C.P., clearly contemplates that service of petitions and rules may be accomplished without sheriff's service only after the action has been commenced pursuant to Rule 1007, Pa.R.C.P.* Ordinarily, the jurisdiction of the court may not be invoked by petition and rule to show cause. *Cooney v. Pennsylvania Osteopathic Association,* 434 Pa. 358, 253 A.2d 256 (1969); *Commonwealth v. Dauphin County,* 354 Pa. 556, 47 A.2d 807 (1946); *Section 3 of the Uniform Arbitration Act,* however, expressly authorizes a party to peti-

tion for a rule to show cause why the arbitration should not proceed in the manner provided in such agreement. *It also provides that such an application shall be made in the manner provided by law for service of summons. Service of a writ of summons is expressly provided for in Rule 1009, Pa.R.C.P., and Rules cross-reference therein.* Thus, in effect, a petition to compel arbitration is a bill to compel specific performance of an arbitration agreement. *Nippon Ki-Ito Kaisha Ltd. v. Ewing-Thomas Corp.*, 313 Pa. 442, 170 A. 286 (1934).

Id., 245 Pa.Superior Ct. at 542 n. 4, 369 A.2d at 760 n. 4 (emphasis added)

Thus, in *Keystone Wire* we ruled plaintiff's service upon defendant by regular mail of the petition to appoint an arbitrator to be defective to either provide notice to defendant or to obtain jurisdiction of the court over the person of defendant.

■ Since the time of our decision in *Keystone Wire*, the legislature has repealed the old version of the Uniform Arbitration Act (1955) and has adopted a new statute, also called the Uniform Arbitration Act.[3] [hereinafter referred to as the Act of 1980]. While the language of the Act of 1980 is considerably revised, nonetheless, it is apparent that our holding in *Keystone Wire* vis-a-vis the rules of civil procedure is still viable. To compel an arbitration, the Act of 1980 provides:

(a) Compelling arbitration.—On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of an agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitra-

---

**3.** The Act of 1980, October 5, P.L. 693, No. 142, § 501(a), 42 Pa.C.S. § 7301 *et seq.*

tion if it finds for the moving party. Otherwise, the application shall be denied.

42 Pa.C.S. § 7304(a)

Where one party refuses to appoint an arbitrator, the Act of 1980 states:

> If the agreement to arbitrate prescribes a method of appointment of arbitrators, the prescribed method shall be followed. In the absence of a prescribed method or if the prescribed method fails or for any reason cannot be followed, or when an arbitrator appointed fails to act or is unable to act and his successor has not been appointed, the court on application of a party shall appoint one or more arbitrators. An arbitrator so appointed has all the powers of an arbitrator specifically named in the agreement.

*Id.* at § 7305.

Regarding service of the above applications, the Act mandates:

> Except as otherwise prescribed by general rules, an application to the court under this subchapter shall be by petition and shall be heard in the manner and upon the notice provided or prescribed by law for the making and hearing of petitions in civil matters. Unless the parties otherwise agree, *notice of an initial application for an order of court shall be served in the manner provided or prescribed by law for the service of a writ of summons in a civil action.*

*Id.* at § 7317. (emphasis added.)

██ As we indicated in our prior discussion of *Keystone Wire,* the relevant rules of civil procedure read the same today as they did when we handed down our decision in *Keystone Wire.* Turning to the case *sub judice,* we note that not only did appellee fail to serve his petition by the sheriff but appellee did not even mail the petition to appellant until after the court made its ruling. It is therefore clear that appellee did not properly serve appellant with the petition to appoint an arbitrator. Accordingly, we vacate

judgment and reverse the order of the lower court appointing an arbitrator.[4]

Judgment vacated and the order of the lower court appointing an arbitrator is reversed.

**4.** *See* 42 Pa.C.S. § 7341, which reads:
The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.
*See also* 42 Pa.C.S. § 7314, which provides, in relevant part:
(a) General Rule.—
(1) On application of a party, the court shall vacate an award where:
(i) the court would vacate the award under Section 7341 (relating to common law arbitration) if this subchapter were not applicable;
. . .