474 A.2d 287

**Edward ANSKIS, Appellant,**

v.

**Selma FISCHER and Louis Fischer and Michael Lenahan and Sears, Roebuck & Company.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1983.

Filed March 9, 1984.

Reargument Denied May 16, 1984.

Petition for Allowance of Appeal Granted Sept. 24, 1984.

Sheldon A. Goodstadt, Philadelphia, for appellant.
James Marsh, Philadelphia, for appellees.

Before CAVANAUGH, BROSKY and POPOVICH, JJ.

BROSKY, Judge:

The sole issue presented to us in this appeal is whether the trial court erred in molding the verdict returned by the jury in this case and marking the judgment satisfied. We affirm.

This action was commenced by appellant who was injured when the automobile in which he was travelling was struck by a vehicle driven by Selma Fischer. At the time of the accident Mr. Anskis was an employee of Sears, Roebuck & Company and was riding in a Sears vehicle which was driven by another Sears employee in the scope of his employment.

Mr. Anskis filed a complaint against Selma Fischer and her husband on June 13, 1972. On August 14, 1972 the Fischers filed an answer and a complaint joining the driver of the Sears vehicle, Michael Lenahan, and Sears as additional defendants.

Approximately twenty-three months after service of the complaint upon them, the additional defendants filed an Answer and New Matter in which they alleged that the cause of action against them was barred by the Pennsylvania Workmen's Compensation Act.[1]

In preliminary objections to the Answer and New Matter the Fischers alleged that the additional defendants were barred from raising the workmen's compensation claim as an affirmative defense because their Answer and New Matter were not filed timely.

The preliminary objections were sustained by order of September 23, 1974 and the Answer and New Matter were stricken and dismissed with prejudice.

At trial the jury returned a verdict in favor of appellant and against Mr. Lenahan and Sears in the amount of $150,000.00. The trial judge granted a motion to mold the verdict made by the Lenahans and Sears and the judgment

1. 77 P.S. § 1 et seq.

was marked satisfied. Following the denial of post verdict motions and entry of judgment, which was marked satisfied, appellants commenced this appeal.

The trial court granted the motion to mold the verdict on the grounds that since appellant and Mr. Lenahan were employees of Sears, travelling on Sears business, that appellant was barred from recovering damages from either his employer or fellow employee. On appeal Mr. Anskis does not dispute the finding that the Workmen's Compensation Act would relieve Sears and Mr. Lenahan from liability, but rather argues that the additional defendants have waived the right to rely on that Act. Appellants argue that because the Answer and New Matter filed by appellees were not filed timely, they waived the right to rely on the Workmen's Compensation Act's immunity provisions which they raised in the New Matter.

It is true that the Answer and New Matter were not timely filed. See Pa.R.C.P. 1026.

However, we do not believe that their failure to timely plead workmen's compensation immunity bars appellees from such immunity.

We reach this conclusion based on the decision of our Supreme Court in *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956) in which the Court held that an employer had not waived its workmen's compensation immunity from liability for negligence by raising it for the first time when the plaintiff sought to execute on a judgment she had secured against the employer.

In *Socha*, the plaintiff was the widow of an employee of the City of Philadelphia who was killed in an automobile accident while he was a passenger on a city owned sanitation truck. Mrs. Socha brought suit against the driver of the other automobile who then joined the deceased's employer as an additional defendant.

Trial by a jury resulted in entry of a verdict against all the defendants. When the plaintiff tried to execute on the judgment against the employer, the City moved to have the

judgment marked satisfied, on the grounds that it was made immune from liability by the Workmen's Compensation Act. The plaintiff argued that the City had waived the workmen's compensation immunity by raising it first at the time of execution. In rejecting this claim the Court explained, 385 Pa. at 637, 123 A.2d at 839, 840:

> By virtue of the Compensation Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries to his employee is abrogated.

Despite this immunity, however, at the time of the *Socha* suit and the instant trial, an employer could be named as an additional defendant.[2] As explained by the *Socha* opinion, 385 Pa. at 638, 123 A.2d at 840:

> It so happens, however, just as in the instant case, that an employer may be required to defend his employee's trespass action for personal injuries received in the course of his employment when the employer is summoned as an additional defendant or is sued jointly with another for such injuries. But, that procedure is for the sole and exclusive purpose of protecting the original or third-party defendant's right of contribution from the employer and does not ascribe to the employee or his representative a common law right against his employer for damages for injuries suffered in the course of his employment.

**2.** The employer may no longer be named as an additional defendant by virtue of the 1974 amendments to the Workmen's Compensation Act, Section 303(b), Act of December 5, 1974, P.L. 782, No. 263, 77 P.S. § 481(b) effective as to accidents occurring after February 5, 1975. See *Brogley v. Chambersburg Engineering Co.*, 306 Pa.Super. 316, 452 A.2d 743 (1982). In fact, our Supreme Court has recently held that an employer may not be joined even for the limited purpose of determining liability under the Comparative Negligence Act, Act of April 28, 1978, P.L. 202, No. 53, as amended, 42 Pa.C.S. § 7102. See *Heckendorn v. Consolidated Rail Corporation*, 502 Pa. 101, 465 A.2d 609 (1983).

The court concluded that the employer-employee relationship could not be proved by the employer at trial and therefore is not to be pleaded. As the court noted:

It would be utterly vain to require a litigant to plead something which, as a matter of law, he will not be permitted to prove or read into evidence at trial. And it would be worse than vain to impale a litigant for not having averred what must not be disclosed to the jury. *Id.*, 385 Pa. at 642, 123 A.2d at 842.

We must reach the same conclusion in the instant case in which appellees were additional defendants who sought the same relief granted the employer in *Socha*.

Although the *Socha* opinion is not a recent decision, we find no indication that our Supreme Court has altered its position on this issue. Nor are we persuaded by appellant's argument that this Court's decision in *Turner Construction Company v. Hebner*, 276 Pa.Super. 341, 419 A.2d 488 (1980) calls for a different result, although in *Turner* we found that a statutory employer had waived its Workmen's Compensation immunity by failing to timely plead it as an affirmative defense.

In *Turner* suit had been instituted against a statutory employer by the injured employee. The employer was not a third party defendant, as is the employer in the instant case. We were careful to distinguish the facts in *Turner* from those in *Socha* and we explained that unlike the *Socha* case, in *Turner*, there was nothing to prevent the statutory employer, an original defendant, from asserting its Workmen's Compensation immunity at trial. We therefore were able to conclude that the employer should have raised the defense in its pleadings.[3]

---

**3.** Appellant also argues that our decision in *Mackey v. Adamski*, 286 Pa.Super. 456, 429 A.2d 28, 32 supports his position. However, in *Mackey* we held that the Workmen's Compensation Act does not deprive the Common Pleas Courts of jurisdiction of common law actions against employers and fellow employees, but only provides an affirmative defense. The jurisdictional issue presented in *Mackey* is not before us in the instant case. As to the holding that the Workmen's Compensation immunity is an affirmative defense, we note that

Because the instant case is factually different than the *Turner* situation and essentially indistinguishable from *Socha,* we affirm the order of the lower court.

as in *Turner, supra,* those seeking to raise immunity were original defendants, not additional defendants as in the present case.