515 A.2d 21

**Charles BORIS and Deborah Boris, H/W, Appellants,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY and Penna. Trial Lawyers Assoc. (AMICUS CURIAE).**

Superior Court of Pennsylvania.

Argued May 12, 1986.

Filed Sept. 18, 1986.

534

Mary L. Schmidt, Philadelphia, for appellants.

Lawrence L. Robinson, Philadelphia, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, McEWEN, DEL SOLE, BECK, TAMILIA, KELLY and JOHNSON, JJ.

CIRILLO, President Judge:

Is an employee who collects workmen's compensation benefits following a work-related motor vehicle accident precluded from obtaining uninsured motorist benefits under his employer's fleet policy?

Appellant Charles Boris (his wife, Deborah, is co-appellant) was driving a truck for his employer, Buckley and Company, when he was run off the road by an uninsured motorist. He suffered injuries to his knee and back. Despite extensive medical treatment, he continues to suffer from the pain of those injuries.

Buckley and Company carries both workmen's compensation and uninsured motorist insurance through appellee

Liberty Mutual Insurance Company. Under the latter policy, each of Buckley's 67 vehicles is insured to the extent of $30,000.00 against injuries caused by uninsured motorists; if there is a dispute between the insurer and insured over coverage liability, a standard arbitration clause in the contract dictates that the controversy be submitted to arbitration. This clause was invoked when Mr. Boris sought uninsured motorist benefits, and pursuant to that clause, the third arbitrator on the panel was appointed by the court, since the parties could not agree on one. The subsequent arbitration resulted in an $841,569.00 award to appellant.

Upon petition by Liberty Mutual, the Honorable Alfred J. DiBona of the Philadelphia Court of Common Pleas reviewed the award and concluded the panel made an egregious error of law in awarding uninsured motorist benefits to Mr. Boris. Judge DiBona found workmen's compensation to be the sole remedy,[1] and accordingly vacated the award. This is an appeal from that order. In support of appellant's position, the Pennsylvania Trial Lawyers Association has filed a separate brief as amicus curiae.

■ Initially, we consider appellants' contention that Liberty Mutual waived its defense of workmen's compensation as sole remedy. In appellants' view, Liberty Mutual improperly waited until the arbitration hearing to present the defense; it should have first been raised under a "new matter" hearing in an answer to Mr. Boris' petition seeking appointment of an arbitrator.

It is true that Pa.R.Civ.P. 1030 requires all affirmative defenses to be set forth in a responsive pleading. We also agree that Liberty Mutual's defense is an affirmative one, although it is not one of "immunity", as appellants suggest.[2] Nonetheless, Liberty Mutual did not waive its de-

1. Appellant, Charles Boris, has already received workmen's compensation.

2. It appears that appellants may have labelled Liberty Mutual's defense as one of "immunity" simply to bring it within the scope of Rule 1030. This is unnecessary, for as we held in *Sechler v. Ensign-Bick-*

fense because Rule 1030 cannot control here. Appellants seek to impose a duty to plead new matter in response to a petition for appointment of an arbitrator. The petition does not set forth any substantive legal arguments, and pursuant to Pa.R.Civ.P. 1007 is not a "pleading" which can properly commence a civil action. It would be anomalous to impose the pleading burdens of a civil action on a party responding to a mere petition, especially since there is no duty to answer such a petition in the first instance. In reaching this conclusion, we observe that the policy itself states only that the proceedings shall be conducted in accordance with the Arbitration Act of 1927, and makes no mention of the applicability of the civil procedure rules. *Compare Cassidy v. Keystone Insurance Company*, 322 Pa.Super. 168, 469 A.2d 236 (1983) (rules of civil procedure applied to service of process in arbitration setting because insurance policy expressly required such compliance with service rule).

 In the alternative, appellants argue that Liberty Mutual, its defense being one of "immunity", should have simply objected to the petition for appointment of an arbitrator. In other words, the defense was waived because Liberty Mutual submitted to the court's jurisdiction. This contention is meritless, because the defense is not truly one of immunity, despite the fact that even Liberty Mutual itself refers to it as such in its brief. As Black's Law Dictionary defines the term, immunity is a "freedom from duty or penalty" such as governmental tort immunity. Here, Liberty Mutual is not patently immune from the duty to pay benefits; to the contrary, it is only relieved of such obligation if its defense is accepted as valid. Thus, a lack of jurisdiction argument would be fruitless.[3]

---

*ford Co.,* 322 Pa.Super. 162, 469 A.2d 233 (1983), Rule 1030 applies to all affirmative defenses, not just those explicitly named in the rule.

**3.** We note that the two cases cited by appellants in this connection, *Parsons v. State Farm Mutual Insurance Co.,* 335 Pa.Super. 394, 484 A.2d 192 (1984), and *Aster v. The Jack Aloff Co.,* 190 Pa.Super. 615, 155 A.2d 627 (1959), have absolutely no relation to the proposition for which they are asserted.

■ In the final prong of their multi-faceted waiver argument, appellants maintain that by including an arbitration clause in the insurance policy, Liberty Mutual tacitly admits that employees are entitled to uninsured motorist benefits. Again, we disagree. This position overlooks the fact that at some point in time one of Buckley's vehicles might be operated by a non-employee who is ineligible for workmen's compensation.

We turn now to the substantive issues before us. Liberty Mutual, in urging that workmen's compensation is the sole remedy available, relies primarily on *Wagner v. National Indemnity Company,* 492 Pa. 154, 422 A.2d 1061 (1980), and *Turner v. Septa,* 256 Pa.Super. 43, 389 A.2d 591 (1978). These cases and others cited hold that insofar as workmen's compensation was created to replace suits by employees for damages caused by possibly negligent employers, such litigation will not be allowed when the employee has obtained workmen's compensation. Further, as the Workmen's Compensation Act, 77 Pa.S. § 1, specifically provides, the employer's insurer shall enjoy the same freedom from suit as does the employer-insured. Additionally, Liberty Mutual asserts that the Workmen's Compensation Act was enacted after the Uninsured Motorist Act, 40 Pa.S § 2000, yet nonetheless stated that workmen's compensation was an exclusive remedy, making no mention of a possible Uninsured Motorist Act recovery. We reject Liberty Mutual's contentions, for they misconstrue the purpose and scope of the Workmen's Compensation Act.

In the face of a proliferation of suits initiated by injured employees, the Workmen's Compensation Act was enacted to provide an efficient means of compensating aggrieved workers without litigating the issue of employer negligence. Recovery under the Act is a complete replacement for suit against the employer; the employee receives the statutory recompense for his work-related injury, and may not then seek to litigate those same damages. *See generally U.S. v. Demko,* 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); 42 Pennsylvania Law Encyclopedia 1 (1975). Further, the

Act specifically provides that the employer's insurance carrier shall enjoy the same freedom from suit as does the employer itself. 77 Pa.S. § 501. This is entirely logical as it relates to the carrier of no-fault insurance benefits, for such coverage ultimately results in litigation of the employer's negligence despite the fact that the employer was not sued directly by the employee.

■ However, the employer's freedom from suit under the Workmen's Compensation Act does not logically extend to the carrier of uninsured motorist benefits. The injured employee who seeks such coverage asserts only that he was injured at the hands of some third party who was not adequately insured. The employer cannot be implicated in such wrongdoing in the slightest. Indeed, the law is clear that when an employee seeks to recover damages from some third party, the employer may not be joined as an additional defendant or involuntary plaintiff. *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983); *Anskis v. Fischer*, 326 Pa.Super. 374, 474 A.2d 287 (1984); *Bartley v. Concrete Masonry Corp.*, 322 Pa.Super. 207, 469 A.2d 256 (1983); *Kelly v. The Carborundum Company*, 307 Pa.Super. 361, 453 A.2d 624 (1982), *aff'd* 504 Pa. 238, 470 A.2d 969 (1984).

■ Naturally, the Workmen's Compensation Act makes no mention of recovery under the earlier-passed Uninsured Motorist Act. A claim submitted under the latter is wholly unrelated to the employer's activities and gives no cause for the employer to assert any sort of "immunity". In turn, there is no freedom from suit for the uninsured motorist carrier to "borrow" in this context. In sum, the fact that an employee's claim for uninsured motorist benefits only addresses the wrongs of a third party, and not the employer, takes a claim for such benefits outside the scope of the "immunity" created by the Workmen's Compensation Act. Insofar as *Turner* and *Wagner, supra,* addressed workmen's compensation as it relates to a no-fault claim (which *can* involve litigation of employer negligence), appellee's reliance on those cases is entirely misplaced.

In reaching our decision, we keep in mind that the Workmen's Compensation Act is not as exclusive as Liberty Mutual would have us believe. For example, the Act was never intended to strip from an injured employee the right to maintain an action against a third party tortfeasor. *See Gillespie v. Vecenie*, 292 Pa.Super. 11, 436 A.2d 695 (1981). Indeed, an action can lie against the employer itself if it harmed its employee through an intentional wrongful act. *See Jones v. P.M.A. Insurance Company*, 343 Pa.Super. 411, 495 A.2d 203 (1985); *see generally Higgins v. Clearing Machine Corp.*, 344 Pa.Super. 325, 496 A.2d 818 (1985); Annot., 96 A.L.R.3d 1064 (1980). These considerations bolster our conclusion that the "exclusivity" of the workmen's compensation remedy cannot be read as anything more than a realization that the employee cannot "have his cake and eat it, too"; he obtains the more efficient and expeditious statutory remedy to the exclusion of a suit against his employer. This does not mean he has given up the right to seek redress from an unrelated third party. Consequently, he must be allowed to pursue that same course of action against the carrier of uninsured motorist benefits; despite the fact that the carrier does not represent the interests of the uninsured motorist, it does stand in his shoes as concerns suits by the injured party. *See* 7 Am.Jur.2d Auto Insurance § 293 *et seq.* (1980); *see also Rhodes v. Auto Ignition Company*, 218 Pa.Super. 281, 275 A.2d 846 (1971).[4] For this reason, we reject Liberty Mutual's argument that since Mr. Boris had no contractual relationship with the insurer, he must settle for suing the motorist directly or nothing at all.

We also observe that the Uninsured Motorist Act is broad in its intentions. It is a reflection of the harsh reality that more and more responsible motorists are injured by careless drivers who wantonly take to the road without obtaining insurance against the harm they might cause. Consequent-

---

**4.** In Rhodes, the injured party obtained uninsured motorist benefits after obtaining workmen's compensation; however, that case does not control the exclusivity of remedy issue, since the uninsured motorist benefits were obtained under the employee's own auto policy.

ly, every effort is to be made to allow recovery under this Act, so that the injured party can be "made whole" just as if the wreckless motorist had himself obtained no-fault benefits. *See Tubner v. State Farm Mutual Auto Insurance Co.,* 496 Pa. 215, 436 A.2d 621 (1981); *Johnson v. Travelers Insurance Co.,* 343 Pa.Super. 560, 495 A.2d 938 (1985); *Gerardi v. Harleysville Insurance Co.,* 293 Pa.Super. 375, 439 A.2d 160 (1981); *Marchese v. Aetna Casualty and Surety Co.,* 284 Pa.Super. 579, 426 A.2d 646 (1981).

As a matter of public policy, we can find no reason to deny appellants the right to recover for pain and suffering, which is not covered by workmen's compensation but is recoverable under the Uninsured Motorist Act. Surely, the Workmen's Compensation Act never intended that the employee be forced into foregoing such recovery. To hold otherwise would be contrary to the voluminous case law demanding broad applicability of the Uninsured Motorist Act.

In sum, we agree with appellants that there is a sound basis for holding the provider of uninsured motorist coverage independently liable. However, we wish to point out that we have taken a slightly different road in arriving at this result. Appellants seek to distinguish the no-fault insurer from the uninsured motorist insurer on the basis that the motor vehicle owner must obtain no-fault insurance, whereas the insurer has an independent legal obligation to provide uninsured motorist coverage. This argument is flawed. While it is true that the Uninsured Motorist Act prohibits an insurer from issuing a policy that does not include uninsured motorist coverage, we see this obligation as secondary: it only arises *after* the vehicle owner fulfills the primary duty of obtaining no-fault benefits. At no time will an insurer have to provide uninsured motorist coverage separate from a no-fault policy, which the vehicle owner is obligated to obtain.

To conclude on this point, we recognize that two recent opinions from panels of this Court are inconsistent with today's holding. In *Lewis v. School District of Philadel-*

*phia,* 347 Pa.Super. 32, 500 A.2d 141 (1985), and *Vann v. The School District of Philadelphia,* 348 Pa.Super. 383, 502 A.2d 260 (1985), the recipient of workmen's compensation benefits was denied recovery of uninsured motorist benefits. *Lewis* relied on *Turner* and *Wagner, supra,* in precisely the same manner as appellee erroneously did in the case before us. The important distinction between the nature of no-fault and uninsured motorist benefits was overlooked. *Vann* relied squarely on the *Lewis* opinion in denying the benefits sought. We are aware that unlike the appellee here, the defendant in *Lewis* and *Vann* was a self-insured entity. This, however, is not an important distinction, for the self-insured's payment into a fund is little different from appellee's payment of premiums for purposes of our analysis. The self-insured entity pays the plaintiff in a different way, but the nature of the benefits are the same. In each case, the precise issue is whether a workmen's compensation recovery precludes the receipt of uninsured motorist benefits. Insofar as *Lewis* and *Vann* are at odds with our holding today on this point, they are overruled.

We now consider the second substantive issue: whether the arbitration panel acted properly in cumulating or "stacking" the $31,000.00 recoverable under each of Buckley's trucks to arrive at the $841,569.00 award. This issue was not passed upon by Judge DiBona, insofar as he vacated the award based solely on the first issue.

In *Miller v. Royal Insurance Co.,* 354 Pa.Super. 20, 510 A.2d 1257 (1986), a three judge panel of this Court recently concluded that uninsured motorist benefits under a corporate fleet policy may not be stacked. In so holding, the panel observed that a contrary finding would make premium costs prohibitive and that such stacking is not within the reasonable expectations of any parties to the insurance agreement. We find this logic compelling and embrace the *Miller* holding entirely.

Accordingly, the arbitration award is modified to the single vehicle coverage limit of $30,000.00 dollars. We note

that the arbitration was conducted pursuant to the 1927 Arbitration Act, 42 Pa.C.S. § 7301.[5] Thus, on appeal we are free to correct any error of law made by the arbitrators in reaching their decision. 42 Pa.C.S. § 7315; *see Flamini v. General Accident Fire and Life Assurance Corp.*, 328 Pa.Super. 406, 477 A.2d 508 (1984).

Additionally, we point out that even absent the *Miller* decision, *supra*, appellants would not be entitled to stacked benefits. As an employee, appellant Mr. Boris was not an intended beneficiary of the insurance policy, i.e., he was not a "class one" insured, since that class is limited to "You or any family member". In our view, "You" refers to the person or entity to whom the policy was issued. We would therefore deny multiple coverage for the reasons set forth in *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984), and *Flamini, supra.*

The order vacating the arbitration award is reversed and the award reinstated. The award is modified to the single vehicle coverage limit of $30,000.00.

McEWEN, J., files a concurring opinion.

McEWEN, Judge, concurring:

The ruling that uninsured motorist benefits under a corporate fleet policy may not be stacked is so sound as to be beyond dispute and I hasten to join in both the rationale and conclusion upon that issue.

I am now also persuaded that an employee who receives Workmen's Compensation benefits is not precluded from receiving uninsured motorist benefits under his employer's policy, a decision which overrules *Lewis v. School District of Philadelphia*, 347 Pa.Super. 32, 500 A.2d 141 (1985) and *Vann v. The School District of Philadelphia*, 348 Pa.Super. 383, 502 A.2d 260 (1985). But while angels would fear

5. The 1927 Act was repealed by the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, No. 142 § 501(c). Thus, any reference to the 1927 Act necessarily incorporates the provisions of the 1980 Act. *See Patrick v. Cherokee Insurance Co.*, 354 Pa.Super. 427, 512 A.2d 24 (1986).

to express a rationale which varies from one in which all of the other members of this Court en banc have joined, I would rely for that conclusion upon the reasoning set forth in the tersely cogent dissent of our esteemed former President Judge Edmund B. Spaeth, Jr. in *Lewis v. School District of Philadelphia, supra,* 347 Pa.Super. 32 at 35, 500 A.2d 141 at 143, which, in essence, states:

> The exclusivity provision of the Workmen's Compensation Act is restricted to the "liability of an employer".
>
> When a carrier provides uninsured motorist coverage to an employer, it is providing coverage not for the liability of the employer but for the liability of someone else who should have had but did not have his own coverage. Thus, uninsured motorist coverage is not coverage for the "liability of an employer".
>
> Therefore, an employee is not precluded from receiving uninsured motorist benefits under the employer's policy.

That reasoning is as compelling as it is succinct and, thus it is, that I join in this conclusion of the majority.