[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8634
ON APPLICATION TO COMPEL ARBITRATION
FACTS
On June 25, 1985 the plaintiff Anthony Gambardella was operating a motor vehicle owned by the town of Hamden in his capacity as a police officer. He suffered serious personal injuries and other damages when struck by an automobile owned and operated by Orville McFarlane.
Subsequent to the accident McFarlane, who was insured by American Mutual Insurance Company, discovered that American Mutual had become insolvent and was unable to pay any portion of the claim of the plaintiff.
The plaintiff has uninsured motorists rights against his own insurer Safeco Insurance Company. The plaintiff is also covered by the Workers Compensation Act and is entitled to compensation benefits from the town of Hamden.
Pursuant to Section 38a-336 of the Connecticut General Statutes, the plaintiff has made demand upon both Safeco Insurance Company and National Union Fire Insurance Company to arbitrate the question of coverage and the amount of damages. Safeco, who in no manner insures the town of Hamden, has agreed to arbitration. National Union Fire Insurance Company relying in large part on CNA Insurance Company v. Colman, 222 Conn. 769 (1992) and Bouley v. Norwich, 222 Conn. 755 (1992) has refused to arbitrate claiming that the plaintiff's sole remedy against his employer is pursuant to the Workers Compensation Statute and that he has no rights to pursue an underinsured motorist claim under a policy issued to his employer.
DISCUSSION
Bouley held that the plaintiff, a Norwich city policeman, could not collect on Norwich's uninsured motorist coverage even though the city of Norwich was a self insurer and arguably did not fall within the prohibition of Section 31-284(a). Colman reached precisely the same result except that Colman's employer was not self-insured but was insured by CNA Insurance Company. CT Page 8635
The supreme court in Bouley concedes that four jurisdictions have reached the opposite result, see Williams v. Newport News,240 Va. 425, 397 S.E.2d 813 (1990), Heavens v. LaClede Gas Company,755 S.W.2d 331 (Mo.) App. (1988), Christy v. Newark, 102 N.J. 598,510 A.2d 22 (1986) and Boris v. Liberty Mutual, 356 Pa. Super. 532,515 A.2d 21 (1986). Nevertheless, the combination of Bouley and Colman would appear to settle, at least for the time being, that it is not possible for an employee to proceed against an employer's uninsured motorist coverage, regardless whether the employer is commercially insured or self-insured, when Workers Compensation benefits are available. Compensation is the employee's exclusive remedy in Connecticut.
However the Bouley court in footnote 9 notes that Section 31-284a
provides that "nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits." Continuing in the same footnote the court concludes "there is absolutely no evidence in the record of any contractual undertaking between the city and Bouley with respect to uninsured motorist benefits."
In the case before the court plaintiffs Exhibit B is a policy provision requiring arbitration of coverage questions. The policy provision adds little to the statutory requirement for arbitration on coverage questions contained in Section 38a-336. Plaintiff's Exhibit A appears to be an article from the Hamden Police Union Contract entitled "Article XXII Injury Leave" which provides that an injured employee:
 ". . . shall be entitled to injury leave, with full pay, at his regular rate of pay, plus any amount received by virtue of the Workers Compensation Act, from the date of said injury, incapacity, or disability until such time as he is able to return to duty."
Plaintiff appears to argue that the quoted language authorizing additional entitlements for certain injuries may be sufficient to get him within the exception recognized in footnote 9 of Bouley. Just as the Supreme Court remarked in Bouley:
 "there is absolutely no evidence in the record of any contractual undertaking between the city and Bouley with respect to uninsured CT Page 8636 motorist benefits".
So the court here sees absolutely nothing in Plaintiffs Exhibit A which indicates an agreement with regard to uninsured motorist benefits.
The fact remains that the policy requires binding arbitration of coverage questions and Section 38a-336 contains a provision in sub paragraph (c) which provides in pertinent part:
 "each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceedings." [emphasis added]
The court doubts that the plaintiff is entitled to coverage under the town of Hamden's policy with National Union Fire Insurance Company. In fact the court can envision a reviewing superior court setting aside such an award relying on Bouley and Colman. Nevertheless, both 38a-336 and the city's policy requires binding arbitration on the question of coverage. Accordingly while arbitration may be futile, and it appears in the best interest of all parties that the question of coverage by National Union Fire Insurance Company should be bifurcated from the question of the amount of payment by either National Union or Safeco, arbitration of the coverage question is mandatory. The court finds no authority to order bifurcation. Neither can the court find any authority which allows it to ignore the rather clear mandate of38a-336 simply because the court is skeptical about the chances of the plaintiff's success in arbitration.
Therefore the court orders and directs National Union Fire Insurance Company to proceed forthwith with arbitration of the plaintiffs claim before a panel duly created and established for that purpose.
The court by:
Kevin E. Booth, Judge CT Page 8637